UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| THOMAS E. LEFFEL, | : | Case No. 3:17-cv-79 |
| :--- | :--- | :--- |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| VILLAGE OF CASSTOWN, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.  INTRODUCTION

Plaintiff Thomas E. Leffel brings this case asserting that Defendant Village of Casstown altered his property lines, encroached upon his property, and damaged it. Plaintiff seeks "a judgment against the Defendant quieting his title and requiring the Defendant to remove all encroachments upon his property in violation of law; … compensation for the damage done to his property … and for the ongoing damage to his property …; in the alternative, Plaintiff prays for compensation … for the taking of his property, and damages to the remaining property …; … monetary damages for the violation of his civil rights … pursuant to 42 U.S.C. § 1983; [and] his costs incurred

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

herein, his attorney fees herein and interest on any monetary judgments …." (Doc. #1, *PageID* #12).

This case is before the Court upon Defendant's Motion for Judgment on the Pleadings (Doc. #11), Plaintiff's Opposition (Doc. #12), Defendant's Reply Memorandum (Doc. #13), and the record as a whole.

## II. BACKGROUND

Plaintiff owns real estate at 103 North Main Street in the Village of Casstown, Ohio. (Doc. #1, *PageID* #9). His property is bounded in the front by Main Street and in the back by an alley. *Id.* Defendant owns both Main Street and the alley east of it. *Id.* at 25-26. In 2011, the Village of Casstown completed a road construction project that included improvements to Main Street. *Id.* at 11. Plaintiff's claims arise from this project.

On February 20, 2015, Plaintiff filed a complaint against Defendant in the Miami County Court of Common Pleas (case no. 15cv00083). On October 4, 2016, the case was "voluntarily dismissed without prejudice to refiling." *Id.* at 9. On January 27, 2017, Plaintiff re-filed his complaint against Defendant in the same court. *Id.* On March 7, 2017, Defendant filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 42 U.S.C. § 1983. *Id.* at 1.

## III. STANDARD OF REVIEW

A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991); *see Fritz v. Charter Twp. of*

*Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citations omitted) ("The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."). "In reviewing the motion, [the Court] must construe the complaint in the light most favorable to the plaintiff, [and] accept all of the complaint's factual allegations as true …." *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001)).

Under Federal Rule of Civil Procedure 8, "A pleading that states a claim for relief must contain: … a short and plain statement of the claim showing that the pleader is entitled to relief; and … a demand for the relief sought …." This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955, 167 L.Ed.2d 929); *see also Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Twombly,* 550 U.S. at 555, 570, 127

S.Ct. 1955, 167 L.Ed.2d 929) ("a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'").

## IV. ANALYSIS

Defendant contends, "Plaintiff: 1) fails to support his claims with allegations that surpass speculation; and 2) asserts causes of action for which Casstown is immune or for which the statute of limitations has expired." (Doc. #11, *PageID* #68).

### a. Plausibility of Claims

As an initial matter, Plaintiff asserts that his complaint complies with Ohio's "notice pleading standard" *and* "meets the *Iqbal* and *Twombly* heightened pleading standards." (Doc. #12, *PageID* #78). Defendant correctly observes that Plaintiff's claims are subject to federal pleading standards. (Doc. #13, *PageID* #87) (citing *Superior Fibers LLC v. Shaffer,* No. 2:16-cv-00472, 2016 WL 7469623, at *9 (S.D. Ohio Dec. 28, 2016) (D.J. Marbley)); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *Granny Goose Foods, Inc. v. Bhd. of Teamsters, Local No. 70,* 415 U.S. 423, 438, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal.").

Turning to Defendant's main argument, it asserts, "except for Plaintiff's speculative and conclusory allegations, which the Court need not accept as true, he does not allege any action by Casstown to alter, misplat or encroach upon his property." (Doc.

4

#11, *PageID* #71) (internal citation omitted). Defendant attacks Plaintiff's recurring use of passive voice. For example, Plaintiff alleges, "During the course of the street improvement process, *damage was done to Plaintiff's property* in the construction and re-construction process. …" (Doc. #1, *PageID* #11) (emphasis added). Defendant contends that Plaintiff does not allege that it: "1) altered the boundaries; 2) altered the boundaries from the plat as it existed as the time of the Project; 3) originally platted his property; or 4) subsequently platted, misplatted, or altered the plat of his property." (Doc. #11, *PageID* #70).

Defendant's argument lacks merit. Plaintiff's allegations—when read together—are sufficient to plausibly claim that Defendant's 2011 road improvement project altered the boundary lines of his property, encroached upon his property, and caused damage.[2]

Plaintiff's first claim alleges, "In 2011, improvements were made to Main Street in Casstown resulting in an encroachment upon the property of Plaintiff and destruction of Plaintiff's property without his permission. Alterations were made to the property line of Plaintiff's property about which he learned after the street project was completed." (Doc. #1, *PageID* #9). He directs attention to Exhibit B attached to his complaint, a surveyor's report concerning his property. *Id.* at 10, 17-19. The report indicates that as a result of the street improvement project, survey points were reset leading to encroachment upon

---

[2] Defendant, in its counterclaim, acknowledges: "Casstown has been the continuous owner of Main Street, Casstown, Ohio since the 1800's…" and "has been the continuous owner of the alley east of Main Street, Casstown, Ohio for over twenty-one years." (Doc. #1, *PageID* #s 25-26). Casstown "has maintained [Main Street] continuously for over twenty-one years." *Id.* at 26; *see also id.* at 20 ("the Village admits that, in 2011, improvements were made to Main Street in Casstown.").

5

Plaintiff's land. *Id.* at 18. Defendant is correct that these assertions *alone* do not allege any action by Defendant. But, Plaintiff's allegations continue.

Indeed, Plaintiff builds a logical bridge between these actions and Defendant: "Plaintiff does not have a marketable title all as a result of the illegal acts of the Defendant"; "There was no compensation made to Plaintiff for the damage done to his property by the Defendant during the street improvement project"; "The Defendant, by encroaching upon Plaintiff's property …." *Id.* at 10. Together, these statements, when accepted as true, are sufficient to plausibly claim Defendant—during, and as a result of, its road improvement project—altered boundary lines and encroached on Plaintiff's property.

In each of Plaintiff's remaining claims, he "re-alleges as if fully re-written herein all allegations set forth hereinabove." *Id.* at 10-11.

Plaintiff's second claim alleges that his property boundaries are incorrect and need to be corrected. *Id.* at 10. Because Plaintiff, in his first claim, alleged Defendant was responsible for these changes, his second claim meets the requirements of Rule 8. Similarly, Plaintiff's third claim alleges that as a result of the incorrect boundary lines, Plaintiff's property is being used as a street or alley. *Id.* Although Plaintiff does not specifically state that Defendant unlawfully took his property in this claim, he previously alleged that Defendant's road improvement project caused the changes to the boundary lines. Accordingly, Plaintiff's third claim is sufficient.

Plaintiff's fourth claim, moreover, provides a much clearer explanation connecting Defendant's actions to his alleged injuries. Specifically, he alleges,

6

> The Village of Casstown approved a resolution under color of law and in February 2010, the Mayor signed a grant agreement for reconstruction to Main Street in Casstown, Ohio, State Route 55, in addition to other roadway improvement projects in the Village. A bid was accepted by the Village in February 2011. The street project began in early 2011 and was completed later in 2011. The Village had authority to make this resolution under Ohio Revised Code § 731.

*Id.* at 11. Significantly, Defendant admits these allegations. *Id.* at 22. Plaintiff further alleges, "As a direct result of the 2011 reconstruction to Main Street in Casstown, Ohio, portions of Plaintiff's property have been taken for public use by the Village for use as public roadways and alleyways." *Id.* at 11.

Finally, Plaintiff's fifth claim alleges that the road construction caused damage to his real and personal property. As explained above, although he does not state specifically that Defendant caused the damage, because he previously alleges Defendant was responsible for the construction, his fifth claim is sufficient to plausibly claim Defendant damaged his property.

### b. Plaintiff's Claims for Damages

Defendant contends that it is immune from Plaintiff's fifth claim under the Ohio Political Subdivision Tort Immunity Act, O.R.C. § 2744.01, *et seq.* (Doc. #11, *PageID* #s 71-72). Plaintiff's fifth claim alleges he "suffered damage to both his real and personal property as a result of the construction. … Plaintiff's property continues to be damaged by the results of the street project imposed upon his property. Plaintiff has suffered damage to his property in excess of $25,000." (Doc. #1, *PageID* #11). Plaintiff explains, "claim five is a claim for damages related directly to claims one and two …."

7

(Doc. #12, *PageID* #77)."³ And, he summarizes those claims: "claim one is an adverse possession claim requesting the Court to quiet title; [and] claim two is an adverse possession claim of an owner out of possession brought for repossession; … *Id*. Plaintiff asserts that his "claims are not based in tort, but quiet title, so immunity does not apply." (Doc. #12, *PageID* #81).

Under Ohio law, there is a three-tier analysis to determine whether a political subdivision is immune from liability for tort claims. *Range v. Douglas,* 763 F.3d 573, 582, (6th Cir. 2014) (citing *Lambert v. Clancy,* 125 Ohio St.3d 231, 927 N.E.2d 585, 588 (Ohio 2010)). "Under Tier 1, political subdivisions and their employees receive a general grant of immunity for acts in connection with a government function." *Id.* at 583-83 (citing *Lambert,* 125 Ohio St.3d 231, 927 N.E.2d at 588; O.R.C. § 2744.02(A)(1)). Tier 2 provides exceptions to this immunity. *Id.* (citation omitted); *see also* O.R.C. § 27744.02(B). "If an exception applies, courts then look to Tier 3 to see if immunity is reinstated under any of the defense provisions in Ohio Revised Code § 2744.03." *Id.* (citation omitted).

Beginning at Tier 1, the parties do not dispute that Defendant is a political subdivision nor do they dispute that maintenance and repair of roads is a "governmental function" as defined in O.R.C. § 2744.01(C)(2)(e). Turning to Tier 2, Plaintiff contends that immunity is removed under O.R.C. § 2744.02(B)(5): "a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly

---

³ Additionally, Plaintiff indicates, "Claim three is an eminent domain claim; claim four is a section 1983 claim." (Doc. #12, *PageID* #77).

imposed upon the political subdivision by a section of the Revised Code ….." Plaintiff contends that O.R.C. § 5303.01—an action to quiet title—meets the exception's requirement: "Whenever the state or … political subdivision thereof has, or appears to have, an interest in real property adverse to the person in possession claiming the right thereto, the … political subdivision may be made a party in any action brought under this section."

There are two errors in Plaintiff's arguments. First, Plaintiff overlooks or ignores an essential portion of O.R.C. § 2744.02(B)(5): "Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, … [or] because of a general authorization in that section that a political subdivision may sue and be sued …." Neither Plaintiff nor Defendant addresses this portion's applicability to the present case.

Second, although claim one arises under O.R.C. § 5303.01, claim two does not. An action to quiet title can only be "brought by a person in possession of real property" or "a person out of possession, having or claiming to have, an interest in remainder or reversion in real property." O.R.C. § 5303.01; *see McCarley v. O.O. McIntyre Park Dist.,* No. 99 CA 07, 2000 WL 203997, at *9 (4th App. Dist. 2000) ("if a plaintiff is *not* in possession of the real property in question, an action to quiet title would not lie.") (emphasis in original) (citations omitted). According to Plaintiff, "Claim two is a claim for repossession of land taken by another. It is a common law claim …." (Doc. #12, *PageID* #s 77-79) ("claim two is an adverse possession claim of an owner out of possession brought for repossession"). Because claim two was not brought under O.R.C.

§ 5303.01, the exception proposed by Plaintiff does not apply. Plaintiff does not provide any alternative exceptions. Accordingly, Defendant is immune from liability under O.R.C. § 2744.02 for damages that arise from claim two.

Defendant, in its reply, does not fully address Plaintiff's arguments. Instead, it asserts that "Plaintiff's arguments concerning his fifth claim and state law immunity are disingenuous." (Doc. #13, *PageID* #90). Additionally, Defendant appears to concede that its arguments are premature: "while Casstown's argument may currently be premature, should the case continue, the Village will show that Plaintiff did not allege a money damages claim in his first suit in state court, that Casstown is immune and Plaintiff's money damages claim is time-barred." *Id*.

At this early stage of the proceedings, it is premature for the Court to consider whether the Tier-2 exception—as it relates to claim one—applies in the present case: "A plaintiff is not required to affirmatively demonstrate an exception to immunity at the pleading stage because that would require the plaintiff to overcome a motion for summary judgment in his complaint. Instead, a plaintiff is only required to allege a set of facts which, if proven, would plausibly allow him to recover." *Shively v. Green Local Sch. Dist. Bd. of Educ.,* 579 F. App'x 348, 359 (6th Cir. 2014) (citing *Mohat v. Horvath*, 2013-Ohio-4290, ¶ 29, 2013 WL 5450296 (Ohio Ct. App. 2013)); *see also Cohen v. Bedford Hts.*, 2015-Ohio-1308, 2015 WL 1510984, at *4 (8th App. Dist. 2015) ("'[A] plaintiff need not affirmatively dispose of the immunity question altogether at the pleading stage. Requiring a plaintiff to affirmatively demonstrate an exception to immunity at this stage would be tantamount to requiring the plaintiff to overcome a

motion for summary judgment at the pleading stage. …'") (quoting *Srokowski v. Shay,* 2014-Ohio-3145, at ¶ 14, 2014 WL 3537870 (8th App. Dist. 2014); *Scott v. Columbus Dep't of Pub. Utils.,* 192 Ohio App.3d 465, 949 N.E.2d 552, ¶ 8 (10th App. Dist. 2011)).

Alternatively, Defendant further asserts, "the statute of limitations expired long ago." (Doc. #11, *PageID* #s 72-73). Specifically, under O.R.C. § 2744.04, "An action against a political subdivision to recover damages for … loss to person or property allegedly caused by any act or omission in connection with a governmental … function … shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code." *See Stew Farm, Ltd. v. Natural Res. Conservation Serv.,* 967 F.Supp.2d 1164, 1174 (S.D. Ohio 2013) (D.J. Smith) (citing *Lisboa v. Reid,* 2011-Ohio-5482, 2011 WL 5506026 (8th App. Dist. 2011) ("Claims made against government subdivisions and their employees are governed by the two-year statute of limitations set forth in O.R.C. § 2744.04(A)"); *Read v. City of Fairview Park,* 146 Ohio App.3d 15, 20, 764 N.E.2d 1079 (2001) ("Two-year statute of limitations in O.R.C. § 2744.04(A) applies to tort claims against political subdivisions and their employees.")).

Plaintiff contends that—if this provision applies at all—"Ohio uses the discovery rule to determine when a cause of action accrues." (Doc. #12, *PageID* #82); *see W. 11th St. Ltd. P'ship v. City of Cleveland*, 2001-Ohio-4233, 2001 WL 112121, at *3 (8th App. Dist. 2001) ("Case law indicates that the discovery rule can apply to an action against a political subdivision.") (citations omitted); *Cohen,* 2015-Ohio-1308, 2015 WL 1510984, at *3 ("the discovery rule applies to R.C. 2744.04 for the purpose of determining when a

11

cause of action accrues."). "The discovery rule provides that a cause of action does not arise until the plaintiff knows, or by the exercise of reasonable diligence should know, that he or she has been injured by the conduct of the defendant. The rule entails a two-pronged test—i.e., actual knowledge not just that one has been injured but also that the injury was caused by the conduct of the defendant." *Flagstar Bank, F.S.B. v. Airline Union's Mortg. Co.*, 128 Ohio St.3d 529, 532, 947 N.E.2d 672, 675-76 (Ohio 2011) (citing *Collins v. Sotka*, 81 Ohio St.3d 506, 507, 692 N.E.2d 581 (Ohio 1998); *O'Stricker v. Jim Walter Corp.,* 4 Ohio St.3d 84, 90, 447 N.E.2d 727 (Ohio 1983)).

Plaintiff alleges that he "learned of the taking of his property in January 2015 when he received results from a survey which conclusively established that the Village took property for public use." (Doc. #1, *PageID* #11). He originally filed his case in February 2015. (Doc. #12, *PageID* #76).[4] His present action is therefore timely.

Plaintiff further contends that the statute of limitations applicable to his claims is provided by O.R.C. § 2305.04: "An action to recover the title to or possession of real property shall be brought within twenty-one years after the cause of action accrued …." According to Plaintiff, this means, "the statute of limitations for recovery of real estate, against an individual or a municipality, may be brought before the year 2032." (Doc. #12, *PageID* #82).

Defendant does not discuss whether the discovery rule or the 21-year statute of limitation under O.R.C. § 2305.04 applies to the present case. Usually, "a motion under

---

[4] Defendant "does not dispute … the timing set forth by Plaintiff." (Doc. #13, *PageID* #87).

Rule 12(b)(6), which considers only the allegations in the complaint, is generally not an appropriate vehicle for dismissing a claim based upon the statute of limitations[.]" *Cheatom v. Quicken Loans*, 587 F. App'x 276, 279 (6th Cir. 2014) (citing *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012); *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). However, "if the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* Plaintiff's allegations do not show that his claims are time-barred and are sufficient to plausibly show he brought his case within either statute of limitations.[5]

In summary, Defendant's Motion for Judgment on the Pleadings is well taken as to Plaintiff's claim for damages (in claim five) that arise from claim two but denied as to claims one, three, four, and Plaintiff's remaining claims for damages in five.

**IT IS THEREFORE RECOMMENDED THAT**:

> Defendant's Motion for Judgment on the Pleadings (Doc. #11) be GRANTED, in part, and DENIED, in part.

Date:  October 17, 2017                           *s/Sharon L. Ovington*
                                                 Sharon L. Ovington
                                                 United States Magistrate Judge

---

[5] Defendant correctly observed that Plaintiff's Memorandum in Opposition violates the Local Rules of the United States District Court for the Southern District of Ohio. Under Rule 5.1(a), "All documents filed electronically shall be formatted so that, if printed, they will be double spaced, except for block-quoted material, shall have each page numbered consecutively …." Plaintiff's Memorandum is not double spaced and its pages are not numbered. It is recommended that counsel review the local rules to ensure compliance in the future. Additionally, although Shelee M. Busch indicates in Plaintiff's Memorandum that she is an attorney for Thomas E. Leffel, she has not filed a notice of appearance.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).