# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THOMAS E. LEFFEL, | : | Case No. 3:17-cv-79 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| VILLAGE OF CASSTOWN, | : | |
| Defendant. | : | |

## ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE AND REPORTS OR, ALTERNATIVELY, MOTION IN LIMINE TO PRECLUDE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES (DOC. 21)

This case is before the Court on the Motion to Strike Plaintiff's Expert Disclosure and Reports or, alternatively, Motion in Limine to Preclude Testimony or Plaintiff's Expert Witnesses (hereinafter, the "Motion to Strike") (Doc. 21) filed by Defendant Village of Casstown ("Defendant"). Defendant moved to strike the disclosures and reports or preclude the testimony of three experts designated by Plaintiff Thomas E. Leffel ("Plaintiff"): Michael Cozatt, Carlo McGinnis, and Carol Collins. In response to the Motion to Strike, Plaintiff supplemented its disclosures regarding Cozatt and McGinnis and withdrew his designation of Collins. (Doc. 22.) In reply, Defendant withdrew its Motion to Strike as to Cozatt. (Doc. 24 at 1, n.1.) The only remaining issue is therefore whether the Court should strike McGinnis' report and/or exclude his testimony.

I.   **BACKGROUND**

In its Preliminary Pretrial Conference Order, the Court set deadlines of September 15, 2017 and November 30, 2017, respectively, for Plaintiff's disclosure of primary and rebuttal expert witnesses "and to provide a copy of the expert's report." (Doc. 8.)  On or about September 15, 2017, Plaintiff identified his primary expert witnesses as Cozatt and McGinnis and provided copies of their respective reports. (Docs. 21-1, 21-2, 21-3.)

Defendant argues that Plaintiff failed to provide a "detailed and complete" report for McGinnis, as well as his qualifications, information about his prior testimony, a statement regarding his compensation arrangement, and the facts, data and exhibits that he will use or that support his opinions. (Doc. 21 at 4, quoting *U.S. ex rel. Tennessee Valley Auth. v. 1.72 Acres of Land In Tennessee*, 821 F.3d 742, 751 (6th Cir. 2016) and citing Fed. R. Civ. P. 26(a)(2)(B).)  Defendant further argues that, after service of the Motion to Strike, Plaintiff provided additional opinions for Mr. McGinnis in a "supplemental" expert report that are not permitted under Federal Rule of Civil Procedure 26(e).

II.   **ANALYSIS**

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any expert witness it may use at trial.  Rule 26(a)(2)(B) mandates that certain expert disclosures must be accompanied by a written report:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Under Federal Rule of Civil Procedure 26(e)(2), a party has a duty to supplement an expert report, which "extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). Any additions or changes "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.*

If a party fails to make the above disclosures, there can be consequences. Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and

> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The party potentially subject to sanctions has the burden to prove harmlessness. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

Plaintiff does not make a serious attempt to defend the sufficiency of his original disclosures for McGinnis—nor should he. Plaintiff describes McGinnis' report as "in process" and "admittedly succinct." (Doc. 5.) The entire report comprised the following three sentences:

> My review of this matter to date reveals the existence of several issues concerning the boundaries of the subject parcel including, but not limited to, their relationship to the right-of-way of Main Street on the west and the right-of-way of the alley on the east. The presence of these unanswered questions provide for the reasonable probability of litigation. Accordingly, it is my opinion that the title to said parcel is unmarketable, given the unsettled status of the record.

(Doc. 21-3.) The report refers to "several issues" but identifies only two—the parcel's relationships with (1) "the right-of-way of Main Street on the west," and (2) "the right-of-way of the alley on the east." (Doc. 21-3.) The report fails to explain why these two relationships constitute "issues." It may be inferred that the relationships give rise to "unanswered questions" based on the conclusion that "these unanswered questions provide the reasonable probability of litigation." (*Id.*) Like the issues, the unanswered questions are never explained, but McGinnis concludes that the parcel is therefore unmarketable. Thus, the report falls far short of meeting the requirements of Rule 26(a)(2)(B)(i) and (ii), which require "a complete statement of all opinions," the "basis

4

and reasons" for those opinions, and "the facts or data considered by the witness in forming them."

Notwithstanding the glaring deficiency of McGinnis' report, Plaintiff argues that his failure to comply with Rule 26(a)(2)(B) was harmless. Plaintiff provides a variety of reasons why his failure should be excused—including that Defendant made no attempt to meet and confer about Plaintiff's expert disclosures before bringing the Motion to Strike. Indeed, if Defendant had let Plaintiff know that it was not satisfied with his expert disclosures, a lot of briefing might have been avoided. On the other hand, it is Plaintiff's responsibility to meet the Court's deadlines for expert disclosures. He is not entitled to shirk those deadlines in reliance on the meet-and-confer process to work out the deficiencies in his disclosures. In any event, the Court now considers whether Plaintiff has carried his burden of showing his non-compliance with Rule 26(a)(2)(B) was harmless.

Plaintiff first argues that he timely produced all of the documents that McGinnis relied upon, but was unaware that there were "some errors" in the production. Plaintiff only became aware of those errors after Defendant brought them to his attention in the Motion to Strike. This is the kind of inadvertent error that the Sixth Circuit has excused under similar circumstances. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) ("The fact that [plaintiff] knew of the lack of disclosures and [defendant] apparently did not may suggest that these violations should be considered substantially justified or harmless.") Plaintiff further argues that McGinnis relied on

sources mostly in the public record, such as Ohio statutes and surveys that were readily available to both parties.

Plaintiff further notes that Defendant did not request McGinnis's deposition before bringing the Motion to Strike or indicate that it needed additional information in order to avoid taking McGinnis's deposition. (Doc. 4.) The Sixth Circuit has held that an expert report "must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010)(citation omitted). Although Defendant did not request McGinnis's deposition before moving to strike his report, it would not have any choice but to do so if the report's deficiencies were not corrected. That Defendant had yet to seek McGinnis' deposition does not cut in Plaintiff's favor here.

In the end, Plaintiff's non-compliance is saved by the extended trial calendar in this case. At the parties' joint request, the Court recently extended the discovery cutoff and dispositive motion deadline in this case until, respectively, May 28 and June 30, 2018. This extension resulted in a 90-day continuance of all remaining dates in the Court's Preliminary Pretrial Conference Order, which moved the Final Pretrial Conference to December 13, 2018 and the first day of trial to January 14, 2019. In light of the continuance of the trial schedule, which provides ample time for the parties to work out remaining issues concerning McGinnis' report, Plaintiff's deficient disclosures are harmless.

Plaintiff's delay in producing McGinnis' report denied Defendant the opportunity to designate a rebuttal expert. In addition, even in his second report, McGinnis fails to identify the records that he relied upon with specificity. The Court's Order below addresses these issues. *See Roberts*, 325 F.3d at 784 (Rule 37(c)(1)'s "provision on sanctions explicitly states in pertinent part that 'in lieu of this sanction [of total exclusion], the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.'")

III. **CONCLUSION**

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Strike. Specifically, the Court **DENIES** the Motion to Strike as to Cozatt as moot. The Court **GRANTS** the Motion to Strike as to Collins, who will not be permitted to provide expert testimony in this case. The Court **DENIES** the Motion to Strike as to McGinnis, insofar as the Court will not strike his expert report or preclude him from providing expert testimony.[1] However, as to McGinnis, the Court hereby **ORDERS** as follows:

1. Within 7 days from entry of this Order, Plaintiff must produce to Defendant, or identify with specificity (e.g., Bates number, if used) in Plaintiff's existing production, all of "the Miami County Auditor, Recorder, Engineer, and various other County records; various related maps and GIS data, applicable legal treatises, and related case law and statutes; [. . .] Mr. Cozatt's survey reviews, findings, and opinions, including [. . .] those opinions expressed during our conference on November 20, 2017 after review of Brumaugh Engineering & Surveying, LLC Report, dated October 17, 2017; and [. . .] various record drawings dated October 2011 for Main Street, Troy Pike and

---

[1] The Court renders no opinion regarding McGinnis' qualifications to testify as an expert under Federal Rule of Evidence 702. That issue was not raised by Defendant's Motion to Strike, and the Court has not considered Plaintiff's argument in this regard.

7

Addison Pike (S.R. 55) reconstruction project," which are referenced in McGinnis' second report (Doc. 22-8). McGinnis will not be permitted to rely on any evidence, facts or data that is not so identified or produced pursuant to this Order.

2. Defendant may, if it wishes, designate a rebuttal expert as to McGinnis' opinions and produce an expert report for such rebuttal expert within 30 days of this Order.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, April 20, 2018.

s/Thomas M. Rose

———————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE