IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THOMAS E. LEFFEL, | : | Case No. 3:17-cv-79 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| VILLAGE OF CASSTOWN, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER GRANTING IN PART DEFENDANT VILLAGE OF CASSTOWN'S MOTION FOR SUMMARY JUDGMENT (DOC. 32), REMANDING CASE TO THE MIAMI COUNTY COURT OF COMMON PLEAS, AND TERMINATING CASE ON THIS COURT'S DOCKET**

This case is before the Court on the Motion for Summary Judgment (Doc. 32) filed by Defendant Village of Casstown ("Casstown"). Plaintiff Thomas E. Leffel ("Leffel") alleges that Casstown encroached upon his land when it completed improvements to its Main Street in 2011. Leffel filed this action in the Court of Common Pleas for Miami County, Ohio. Casstown removed the case pursuant to this Court's federal jurisdiction, however, because Leffel asserts claims under 42 U.S.C. § 1983 based on the alleged encroachment. Casstown moves for summary judgment on all of Leffel's claims, which include the § 1983 claims and two state law claims. As explained below, Leffel's § 1983 claims are time-barred. The Court therefore **GRANTS** Casstown's Motion for Summary Judgment as to those claims and **REMANDS** Leffel's remaining state law claims to the Miami County Court of Common Pleas for further proceedings.

I.  **BACKGROUND**

Many of the facts relevant to the parties' dispute are omitted here because they are not relevant to the question of whether or not Leffel asserted his § 1983 claims within the statute of limitations. Casstown's statement of facts, for example, begins with the original platting of the "Town of Cass" in 1833. As discussed below, what is relevant to this Court's disposition of Casstown's Motion is when Leffel knew or had reason to know of the injury—the alleged unlawful taking of his land—underlying his § 1983 claims.

In 1983, Leffel purchased a property located on Main Street in Casstown. Leffel alleges that improvements made to Main Street in 2011 resulted in an encroachment upon his property and the alteration of his property lines. He argues the alteration rendered his property's title unmarketable and destroyed its value.

Casstown argues that Leffel erroneously relies on the town's original plat, which set a 60-foot right-of-way for Main Street. Casstown maintains that, for at least the past 60 years, surveys have shown that right-of-way to be as wide as 68.6 feet and no less than 66 feet. There is a six-foot difference between the right-of-way in the original plat (60 feet) and the surveys taken since 1972 (66 feet). That additional six feet is taken from the properties on both sides of the street—meaning three feet from the lots on the East side of Main Street and three feet from the lots on the West side. (Main Street runs roughly North/South through Casstown.) The alleged encroachment in this case therefore amounts to a three-foot deep section of Leffel's property that runs along Main Street.

Before the work on Main Street began, Leffel visited the design engineer for the project to discuss concerns about what might happen to his property. Leffel was outside the state when the improvements to Main Street were completed. Upon returning, no later than November 2011, Leffel "believed that things had been done to [his] property that were encroachments." (Doc. 29 at 37.) Leffel testified, for example, that he "knew right away" that the front of his property was regraded, the soil was replaced with clay, a relocated sidewalk was encroaching on his property, a portion of another sidewalk was eliminated, and shade trees were removed. (*Id.* at 38-39, 40, 43.) In December 2011, Leffel contacted the Casstown Village Council to complain about the landscaping. Also in late 2011, Leffel contacted the engineer who is serving as his expert in this case to investigate the improvements' impact on his property. At that time, Leffel specifically complained to the engineer that Casstown had lowered Main Street and the sidewalk, took out trees and added steps. (Doc. 30 at 19-20.)

On February 20, 2015, Leffel filed a complaint against Casstown in the Miami County Court of Common Pleas. In that lawsuit, Leffel brought actions for quiet title and for a taking under the Ohio Constitution. The parties agreed to dismiss that case. On January 27, 2017, Leffel filed the instant lawsuit against Casstown, again in the Miami County Court of Common Pleas. Leffel's new complaint contains the same quiet title and takings claims but adds § 1983 claims for an unlawful taking under the Fifth and Fourteenth Amendments. Casstown removed the case to this Court on March 7, 2017.

## II.	SUMMARY JUDGMENT STANDARD

Summary judgment may be entered if the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to inform the court of the basis for its motion and to identify the sections of the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The adverse party then bears the burden to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id*. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court should not weigh the evidence, make credibility determinations, or judge the truth of the matter asserted, but it must draw all "justifiable inferences" in the light most favorable to the non-movant. *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). This does not require the court to "wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied, 494 U.S. 1091 (1990). In sum, based on the evidence called to the court's attention, it must decide whether reasonable jurors could find by a preponderance of the evidence that the nonmovant is entitled to a verdict. *Anderson*, 477 U.S. at 252.

## III. ANALYSIS

The parties agree that Leffel's § 1983 claims are subject to Ohio's two-year statute of limitations for claims of bodily injury under Ohio Rev. Code § 2305.10. *See LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir. 1995). The parties disagree on when the statute of limitations began to run.

Although state law governs the limitations period for actions filed pursuant to § 1983, federal law governs when the limitations period begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations period begins to run when the cause of action accrues; that is, when the Plaintiff "knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005), quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

In determining when a plaintiff knows or has reason to know of the injury, courts use a "common-sense" approach, considering "what event should have alerted the typical lay person to protect his or her rights." *Id.*, quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000). This is known as the "discovery rule."

Applying these principles, and reasonably construing the facts in Leffel's favor, Leffel either knew or should have been alerted to the complained-of injury to his property no later than November 2011, when he returned to his property and saw the alterations that had been made. The portion of property in dispute is not small, at least by Leffel's own measure. Thus, the mere visual inspection should have put him on notice that substantial changes potentially affecting his rights had been made.

The statute of limitations therefore began to run in November 2011 and expired November 2013. The precise date it expired is not required because Leffel did not bring suit until February 2015—one year and three months after the statute of limitations expired. Leffel's § 1983 claims are time-barred.

IV. **CONCLUSION**

For the reasons above, Casstown's Motion for Summary Judgment (Doc. 32) is **GRANTED** as to Leffel's claims under 42 U.S.C. § 1983. The Court declines to retain jurisdiction over Leffel's remaining state law claims and therefore **REMANDS** this case to the Miami County Court of Common Pleas for further proceedings. The case is **TERMINATED** on this Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 30, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE